IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW HANTZIS, | : | |
| | : | 1:12-cv-1412 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| PENNSYLVANIA INSURANCE | : | |
| COMMISIONER KOKEN, *et al.*, | : | |
| | : | |
| Defendant. | : | |

# **MEMORANDUM**

# **November 2, 2012**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation[1] ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 15), filed on October 12, 2012, which recommends that Plaintiff Andrew Hantzis's ("Plaintiff" or "Hantzis") complaint be dismissed with prejudice as frivolous and for failure to state a claim. Objections to the R&R were due by October 29, 2012. Between October 17 and 26, Plaintiff made four filings with the Court, none of which are substantive

---

[1] Before the Court is actually the Magistrate Judge's Amended Report and Recommendation. Immediately following the filing of the Magistrate Judge's original Report and Recommendation (Doc. 12), Plaintiff filed additional documents for the Magistrate Judge's consideration. Thereafter, the Magistrate Judge issued the instant Amended Report and Recommendation (Doc. 15), which we shall review herein. We shall reject the original Report and Recommendation (Doc. 12) as moot.

1

objections to the R&R, but, taken as a whole indicate the Plaintiff's disagreement with the Magistrate Judge's recommendation that the case be dismissed. Accordingly, this matter is ripe for our review.

For the reasons that follow, the R&R shall be adopted in its entirety, the complaint dismissed with prejudice and the case file closed.

## I. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. DISCUSSION

On July 23, 2012, Plaintiff, who is currently held in a county prison in Mississippi, filed the instant habeas corpus petition by tendering a document that

2

was captioned as a "Request for Effective Assistance of Counsel for Accredited Corpus Charter Hantzis-Trust." (Doc. 1). This document, which is generally confusing and incomprehensible, seems to entail a claim by Hantzis that he is entitled to use some sort of writ to recover on a bail bond which he posted, and forfeited, twelve years ago in the state of California when he was charged in that state with drug trafficking offenses. As noted by Magistrate Judge Carlson, the only discernible connection between Plaintiff's 12 year old California criminal case bail, this Mississippi inmate, and this federal court in Pennsylvania seems to be an assertion that Hantzis' bail in California was posted by a company insured in Pennsylvania.

Upon receipt of Hantzis' convoluted pleading, the Court issued an Order dated August 28, 2012 advising Hantzis that his case was subject to summary dismissal, but offered him an opportunity to amend his pleading to state an intelligible claim. (Doc. 7). Thereafter, Hantzis filed four documents, none of which, as noted by the Magistrate Judge, add any clarity to Plaintiff's claims.[2]

---

[2] For example, Hantzis has filed a copy of the Pledge of Allegiance, along with an oath in which he "doth absolutely and entirely renounce and objure [*sic*] all allegiance and fidelity to any foreign prince, potentate, state or sovereignty . . ." (Doc. 8). Hantzis has also filed a one page document styled "Bill of Lading," which identified him as the "Secretary of Agriculture and Interior," "skipper, shipper" and "Watchman, Ward of receiving dock." (Doc. 10).

The Magistrate Judge, to the extent of his ability given the apparent absurdity in the Plaintiff's filings, undertook a review of his claims. First, the Magistrate Judge correctly concluded that his action fails as a habeas corpus petition because it does not challenge the fact, duration of lawfulness of his custody, and even if it did, this Court has no personal jurisdiction over the matter inasmuch as Hantzis is incarcerated in Mississippi. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973); *Leamer v. Fauver*, 288 F. 3d 532, 540 (3d Cir. 2002). (Doc. 15, pp. 7-8).

Next, the Magistrate Judge reviewed Plaintiff's pleading as a civil rights lawsuit pursuant to 28 U.S.C. § 1915(e)(2)(B), and determined that dismissal of the complaint is appropriate for several reasons. First, the pleading names the Pennsylvania Insurance Commissioner as a defendant, but contains absolutely no well-pleaded factual averments relating to this defendant in the body of the complaint. Second, the complaint violates basic pleading rules inasmuch as it does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). To be sure, Hantzis's pleading sets forth no well-pleaded or intelligible factual narrative, thus we agree with Magistrate Judge that we cannot discern precisely what Hantzis is claiming. Finally, to the extent we have identified that a portion of Plaintiff's claim deals with a bail amount that was

4

paid, and forfeited, twelve years ago, we are confident that any claim of Plaintiff's is barred by the two-year statute of limitations applied to civil rights claims in Pennsylvania.

Accordingly, based on all of the foregoing, we find that the Magistrate Judge's recommendation of dismissal with prejudice to be entirely appropriate. While we recognize that *pro se* civil rights plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, we note that this rule only obtains if leave to amend would not be futile. *See Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004). Here, Hantzis has already been given an opportunity to amend his pleading, and failed to do so. Rather, Hantzis filed four documents that can no way be construed to be an amended complaint and simply do not provide the Court with any alternative other than to dismiss this action. An appropriate Order shall issue.